**WAYSIDE TRANSPORTATION CO., Inc., Plaintiff, Appellant,**

v.

**MARCELL'S MOTOR EXPRESS, INC., Defendant, Appellee.**

**No. 5705.**

United States Court of Appeals
First Circuit.

Dec. 15, 1960.

Francis C. Reynolds, Everett, Mass., for appellant.

Norman B. Silk, Boston, Mass., with whom Douglas C. Pierson, Burlington, Vt., Ely, Bartlett, Brown & Proctor, Boston, Mass., and Black, Wilson & Hoff, Burlington, Vt., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiff-appellant, Wayside Transportation Company, Inc., a Massachusetts corporation, is a common carrier by truck engaged in the business of picking up and delivering freight in Massachusetts. It operates intrastate under a local license and has rights conferred by the Interstate Commerce Commission to transport interstate freight only from point to point within Massachusetts. The defendant-appellee, Marcell's Motor Express, Inc., is a Vermont corporation carrying on an interstate trucking business with restricted authority from the Interstate Commerce Commission to operate in Massachusetts. For about 5 years prior to the end of January, 1957, Wayside performed common carrier pick up and delivery service, and other services incidental thereto, for Marcell's between Somerville, Massachusetts, and various other points in the Commonwealth. At that time a dispute having arisen between them over the amounts due from one to the other, Marcell's brought suit by writ dated January 29, 1957, against Wayside in the Chittenden County Court in Vermont, a court having general civil jurisdiction over matters in excess of $200, and undertook to serve process on Wayside by service on the Secretary of State of Vermont as Commissioner of Foreign Corporations pursuant to §§ 1562 and 1563 of the Vermont Statutes, now Vermont Statutes Annotated, Title 12 §§ 855 and 856, quoted in material part in the margin.[1]

1. So far as material the first numbered section provides:

"If a foreign corporation makes a contract with a resident of Vermont to be performed in whole or in part by either party in Vermont, * * * such act[s] shall be deemed to be doing business in Vermont by such foreign corporation and shall be deemed equivalent to the appointment by such foreign corporation of the secretary of the state of Vermont and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against such foreign corporation arising from or growing out of such contract * * *. The making of such contract * * * shall be deemed to be the agreement of such foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served on the foreign corporation at its principal place of business in the state or country where it is incorporated and according to the law of that state or country."

The second numbered section sets out the technical requirements for substituted service on the Secretary of State, which so far as appears were observed, but there is no showing of Marcell's compliance with the provision:

"Such service shall be sufficient if a copy of such process, with the officer's

Counsel, whose authority is not questioned, entered a special appearance for Wayside in the Vermont court on March 1, 1957, and on March 22 filed a motion to dismiss the action for lack of jurisdiction over Wayside's person asserting that, contrary to the allegations in Marcell's writ, the contract sued upon was not to be performed in whole or in part in the State of Vermont so that service of process was not authorized by § 1562 (§ 855) supra. By subsequent motions to amend counsel for Wayside challenged the constitutionality of § 1562. Marcell's counsel moved to amend the complaint to allege in more detail instances in which Wayside had acted in Vermont pursuant to and in execution of the contract in suit and on May 20 the court heard counsel for both parties on the various motions. Wayside's motions to amend were allowed without objection and the court allowed Marcell's motion to amend subject to Wayside's exception. The court then heard counsel on both sides orally on Wayside's motion to dismiss. Both sides submitted briefs and on June 20, the court made the following entry:

"Defendant's amended motion to dismiss is denied, with exceptions to the defendant.

"Cause Certified to the Supreme Court before trial."

At this juncture appeal to the Supreme Court of Vermont was available to Wayside by filing a bill of exceptions within 30 days. It filed no such bill, however, and the county court set the case for trial by jury at its September Term. The court scheduled the case for a pre-trial conference on September 23, but counsel for Wayside did not appear and no conference was held. On September 26 Wayside's counsel informed the court by letter that he had not participated in the conference because of the risk of converting his special appearance into a general one and on the same date counsel for Marcell's moved to amend its complaint by raising the *ad damnum* from eight to fifteen thousand dollars. A copy of the motion was sent to Wayside's counsel at his request and soon thereafter, on October 15, he wrote the court that, standing on his special appearance, he would raise no objection to Marcell's motion to amend and stating in addition: "The Defendant continues to maintain that the Court has no jurisdiction over it, and accordingly, Defendant will not participate in any trial of this cause." Thereupon on October 21 the court granted Marcell's motion to amend by increasing its *ad damnum*, and, on its further motion that Wayside be defaulted in accordance with the statement in its counsel's letter of September 26, the court gave Marcell's judgment by default in the amount of its specifications on file with the court ($13,888.56) with interest to be computed by the clerk.

In the meantime on October 16 Wayside filed a complaint in the United States District Court for the District of Massachusetts under its diversity jurisdiction against Marcell's on the same cause of action to which Marcell's, among other matters, pleaded the Vermont judgment. It also counterclaimed in the amount of that judgment, and moved for summary judgment under Rule 56, F.R.Civ.P. 28 U.S.C. After proceedings in the court below which need not be detailed, that court granted Marcell's motion for summary judgment and entered the judgment for it in the main case and on its counterclaim from which Wayside has taken this appeal.

■ The full faith and credit clause of the Constitution of the United States, Art. IV § 1,[2] is binding only upon the state courts. But Congress imposed on the federal courts the duty to give full

return thereon showing such service thereof upon the secretary of state, is sent by the plaintiff to the foreign corporation by registered mail, and if the plaintiff's affidavit of compliance herewith is filed with the process in court."

2. "Section 1. Full Faith and Credit shall

be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

faith and credit to judgments of the state courts by providing in § 1738 of Title 28 U.S.C., and in language of like import in ancestor statutes going back to an Act of May 26, 1790, 1 Stat. 122, that Acts, records and judicial proceedings authenticated as provided, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." See Davis v. Davis, 1938, 305 U.S. 32, 40, 59 S.Ct. 3, 83 L.Ed. 26.

Due process does not give parties the right to litigate the same question twice. Chicago Life Insurance Company v. Cherry, 1917, 244 U.S. 25, 37 S.Ct. 492, 61 L.Ed. 966. The constitutional and statutory provisions requiring full faith and credit articulate and implement the dictate of public policy "that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties." Baldwin v. Iowa State Traveling Men's Association, 1931, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244. And the principle that there shall be but one adjudication of an issue between the same parties covers the issue of jurisdiction over a defendant's person, provided the court first deciding that issue, in this case the Vermont court, did not make so gross a mistake as to be impossible "in a rational administration of justice." Chicago Life Insurance Company v. Cherry, supra, 244 U.S. at page 30, 37 S.Ct. at page 493. From our statement of the case we think it too clear for discussion that the Vermont court made no outrageous mistake in applying its own law. This being so, its judgment is *res judicata* under established principles of federal law.

The defendant had the election not to appear in the Vermont court at all. Had it not appeared, and had the Vermont court proceeded to judgment against it in its absence, and had the present suit been brought by Marcell's in the court below on that judgment, Wayside could have tried out in that court the issue of the Vermont court's jurisdiction over it for the reason that it had never had its day in court on that issue. Baldwin v. Iowa State Traveling Men's Association, supra. Conversely, by parity of reasoning, Wayside could, had it not appeared at all in Vermont, have litigated in the court below the issue of the Vermont court's jurisdiction over it when that court's judgment was interposed as a defense to its suit against Marcell's. But Wayside's special appearance in the Vermont court shows that it elected to enter that court for the express purpose of litigating the question of that court's jurisdiction over its person. And it proceeded to do so in the Vermont trial court where it was fully heard. But upon the overruling by that court of its objection to jurisdiction over its person in Vermont, it took no further steps in the case although it might have appealed, and now seeks collaterally to attack the Vermont judgment when interposed in defense of its action in the court below against the erstwhile Vermont plaintiff.

The Baldwin case stands for the proposition that an unappealed decision of a federal district court that it had jurisdiction over the person of a defendant is *res judicata* as to that issue and a judgment rendered by that court cannot be collaterally attacked on the ground of lack of jurisdiction over the defendant's person when sued upon in another federal court. The Davis case holds the same with respect to a similar unappealed judgment entered by a state trial court. If such a judgment is *res judicata* for the purpose of suit upon it, clearly it must also be *res judicata* when interposed in defense of a suit on the same cause of action in another jurisdiction by the judgment debtor against the one who obtained the judgment. It seems clear to us from the holdings of the Court in the Baldwin and Davis cases [3] that the Vermont judg-

---

3. Both cases are in point for the principle involved in each is the same. See

Davis v. Davis, supra, 305 U.S. at page 40, 59 S.Ct. at page 6, where with refer-

ment is *res judicata* of the issue of the jurisdiction of the Vermont court over Wayside's person and so under § 1738 of Title 28 U.S.C., supra, is not open to collateral attack in any other action between the parties, at least in the absence of any showing or even suggestion of fraud in obtaining the judgment.

Taking the view that Wayside by the actions of its counsel submitted its person to the jurisdiction of the Vermont court, we do not reach the constitutional questions posed to us by the appellant in its brief and oral argument. Nor is there need for us to consider whether a motion by counsel appearing specially is the proper way in Vermont to raise the question of personal jurisdiction over a defendant, or whether under the law of Vermont the failure of counsel appearing specially to file a timely motion to dismiss for lack of jurisdiction transforms counsel's special appearance into a general one and thereby subjects the client to the jurisdiction of the Vermont court.

A judgment will be entered affirming the judgments of the District Court.

ence to the statute preceding § 1738 the Court said: "The Act extended the rule of the Constitution to all courts, Fed-

eral as well as State." See also Judge Goodrich's discussion in Gallup v. Caldwell, 3 Cir., 1941, 120 F.2d 90.