### 21824, 21825.  YOUMANS et al. v. HAMILTON,
Tax Assessor, et al.; and vice versa.

CANDLER, Justice.  As finally amended a petition for injunctive relief which Eugene Youmans, Johnnie Craven and H. M. Craven, as citizens, residents and taxpayers of Appling County, filed in the superior court of that county named as defendants John A. Hamilton, L. L. Harrison and J. P. Miles, individually and in their official capacities as tax assessors; Mrs. Winford B. Griffin, individually and in her official capacity as tax receiver; Maurice Weatherly, Frank Miles, T. I. Dixon, Barney Cain, Lamar Sellers and Ottie Eason, individually and in their official capacities as commissioners of roads and revenues; W. G. (Sun) Carter, individually and in his official capacity as tax collector; and Dixon Oxford, individually and in his official capacity as Revenue Commissioner of Georgia.  The petition in substance and so far as need be stated alleges that it was the legal duty of the tax assessors to first determine and fix the fair market value of each parcel of realty subject to ad valorem tax in the county, to then deduct from that valuation the homestead exemption of $2,000 allowable under the provisions of Art. VII, Sec. I, Par. IV of the Constitution of 1945 (*Code Ann.* § 2-5404), and then fix a value for tax purposes on the remaining balance and that the tax assessors instead of following that procedure had first determined the fair market value of all realty in the county, then placed a value on it for tax purposes, and from such latter valuation deducted the allowable homestead exemption. Stated differently, the petition alleges that the homestead exemption of $2,000 should be deducted from the fair market value of the realty owned by a taxpayer and not from the assessed value of it for tax purposes as finally determined by those empowered by law to do so.

The petitioners prayed that all of the defendants be temporarily and permanently enjoined from performing any act which would result in the imposition of any ad valorem tax on realty different from their contention as to how the homestead exemption should be applied thereto.

The defendant Dixon Oxford demurred to the amended petition on the ground that as it related to him as Revenue Commissioner of Georgia it was a suit against the State to which the

State had not consented. His demurrer was sustained and he was dismissed as a party defendant. There was no exception to that judgment. All of the defendants, other than Oxford, answered the petition as amended and denied that the method employed by the tax assessors in allowing the homestead exemptions was improper procedure.

The parties waived a jury trial and agreed for the judge to hear and determine the questions raised by the pleadings and on the facts stipulated by them. The parties to the cause, other than Oxford, stipulated, in addition to other facts, that, "No issue is made as to the validity of said assessments and valuations except with respect to the manner and method that defendant tax assessors have applied and allowed realty homestead exemptions and personal property tax exemptions." By a cross-bill, the defendants timely excepted to the judge's denial of their motion to strike that portion of the stipulation which states that the State Revenue Commissioner had for 1962 assessed for ad valorem taxes the property of public utilities located in Appling County at a valuation of 35% of its fair market value. The court denied the injunctive relief prayed for and the plaintiffs excepted to that judgment. *Held:*

Art. VII, Sec. I, Par. IV of the Constitution of 1945 (*Code Ann.* § 2-5404) in part provides: "The Homestead of each resident of Georgia actually occupied by the owner as a residence and homestead, and only so long as actually occupied by the owner primarily as such, but not to exceed $2,000.00 of its value, is hereby exempted from all ad valorem taxation for State, county and school purposes, except taxes levied by municipalities for school purposes and except to pay interest on and retire bonded indebtedness . . ." An act which the legislature passed in 1946 (Ga. L. 1946, pp. 12, 14; *Code Ann.* § 92-219) fully implements the quoted provision of the Constitution. *Code Ann.* § 92-235 provides: "The value of the homestead as finally determined shall be credited with the exemption provided by law. It is the legislative intent that property subject to ad valorem taxation hereafter shall be valued and assessed for taxation substantially as heretofore, taking into consideration changes, from time to time, in the condition and value of such property at the time of the valuation and assessment thereof from year to year. The homestead value, exemption, and difference, if any, shall be shown

on the owner's tax return and the correctness thereof shall be approved on said return as herein provided." The amended petition alleges that the method employed by the tax assessors in their application of the allowable homestead exemption as a credit on the taxpayer's realty as the value thereof was finally determined and assessed for tax purposes offends the equal protection clause of both the State and Federal Constitutions but no proper constitutional attack is made on that provision of the Constitution or the act of the General Assembly providing for such exemptions and the manner in which they are to be credited. For this reason, the validity of neither can be considered by this court. Since the value for tax purposes which the tax assessors placed on all lands subject to ad valorem tax in the county was later approved by the State Revenue Commissioner, we hold that the trial judge did not err in ruling that the allowable homestead exemption should be credited on the assessed value of each taxpayer's land as such value was finally determined and fixed by those tax officials who were required by law to value it for 1962 tax purposes and in denying the injunctive relief which the plaintiffs sought.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*

ARGUED OCTOBER 8, 1962—DECIDED OCTOBER 10, 1962.

*Barrie L. Jones,* for plaintiffs in error.

*Duncan Graham, Jackson & Graham, Milton C. Grainger,* contra.

*Eugene Cook, Attorney General, John E. Dean, James H. Wood, Assistant Attorneys General,* for party at interest not party to record.