UNITED STATES of America,
Appellant,

v.

ESTATE of Stephen P. FARISH, Jr., Deceased, Anne Francis Farish, Independent Executrix, Appellee.

No. 22261.

United States Court of Appeals
Fifth Circuit.

April 26, 1966.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., Robert N., Anderson, Benjamin M. Parker, Attys., Dept. of Justice, Washington, D. C., Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., for appellant.

John G. Heard, Carl Estes, II, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for appellee.

Before HUTCHESON and THORNBERRY, Circuit Judges, and WEST, District Judge.

PER CURIAM:

This appeal is from a district court determination that certain properties held in trust for the decedent, Stephen P. Farish, Jr., are not within his taxable estate. Convinced that this decision was correct, we affirm.

The material facts are not in dispute and may be simply stated. Stephen P. Farish, Jr. was the sole beneficiary of three trusts (Trusts 1, 2 and 3) established by his parents in the 1930's. All three trusts provided for gifts over on certain contingencies; the gift over provisions of Trusts 2 and 3 are identical, but are different from that of Trust 1. Farish died at age 31 without having received any of the respective trust estates.

Farish's wife survived him and was named independent executrix under his will. Mrs. Farish, as executrix, made demands on the trustees of all three trusts for delivery of the properties held in trust for her husband. Only the trustee of Trust 1 complied with her demands. The trustees of Trusts 2 and 3 asserted that Farish's interest in those trusts was conditioned on final distribution to him before his death; that his interest in the trusts terminated on his death before distribution; and that therefore he had no interest in the trusts to which Mrs. Farish, as executrix, was entitled. The trustees of Trusts 2 and 3 then filed declaratory judgment actions in a Texas state district court for an interpretation of the respective trust indentures, naming as defendants Mrs. Farish and her three children, who were the beneficiaries under the gift over provisions. All parties were represented by counsel, and the case was fully presented and argued to the court. The state district court held that Farish had but a defeasible interest in Trusts 2 and 3, conditioned on delivery to him before his death, and that his interest terminated upon his death

prior to actual delivery. No appeal was taken and this judgment became final.

Mrs. Farish then filed an amended estate tax return, including in her husband's estate the assets of Trust 1. The Commissioner determined a substantial deficiency, primarily as a result of his inclusion in the taxable estate of the properties of Trusts 2 and 3. The Commissioner argued that Farish's interest in the trusts was an indefeasible one at the time of his death, and thus within his taxable estate. Mrs. Farish paid the deficiencies, was denied refund, and brought this suit.

The district court filed a very complete and well-reasoned opinion.[1] The court carefully considered the state declaratory judgment actions; each of the various grounds on which the Government attacked the state court judgments was separately and thoroughly treated. On the basis of its analysis, the court below concluded that the state court judgments "were rendered in adversary and non-collusive actions," and that "[u]nder such circumstances, the judgments should be given conclusive effect in this action insofar as they affect the property rights of the parties adjudicated by them."[2] Accordingly the court held that Farish had no interest in the properties of Trusts 2 and 3 includable in his taxable estate, and granted the refund.

Apparently aware that if Farish possessed only a defeasible interest in Trusts 2 and 3, his interest is not includable in his taxable estate, the Government's most forceful argument was, and is, that Farish in fact owned an indefeasible interest in the trusts. But a state court tribunal, in an adversary and non-collusive proceeding, has determined this issue contrary to the Government's contention. The court below, for reasons well stated in its opinion, upheld this state court determination and gave it controlling effect. On the record before us, we are in complete agreement with this action. Adequate and sufficient evidence supports the court's factual determinations,

ample authority its legal conclusions. See Blair v. Commissioner, 300 U.S. 5, 9–10, 57 S.Ct. 330, 81 L.Ed. 465 (1937); Freuler v. Helvering, 291 U.S. 35, 44–45, 54 S.Ct. 308, 78 L.Ed. 634 (1934); Estate of Stallworth v. Commissioner, 260 F.2d 760, 763 (5th Cir. 1958); Saulsbury v. United States, 199 F.2d 578, 580 (5th Cir. 1952), cert. denied 345 U.S. 906, 73 S.Ct. 645, 97 L.Ed. 1342 (1953). See generally Mertens, Law of Fed. Gift and Estate Taxation, Sections 10.10–.21, 10.23 (1959). We, therefore, affirm its decision.

Affirmed.

1. 233 F.Supp. 220 (S.D.Tex.1964).

2. 233 F.Supp. at 233.