24345. KIKER et al. v. WORLEY, Sheriff, et al.

ARGUED OCTOBER 10, 1967—DECIDED OCTOBER 20, 1967— REHEARING DENIED NOVEMBER 9, 1967.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellants.
*Herman J. Spence, P. T. McCutchen,* for appellees.

GRICE, Justice. Denial of an interlocutory injunction against

collection of ad valorem property taxes is the subject matter of this appeal.

On May 23, 1967, C. W. Kiker, Sr., and two other taxpayers filed their petition in Gilmer County against the sheriff and other county officials seeking, besides other relief, to prevent the collection from the plaintiffs of property taxes for 1966 over and above the amounts shown to be due by their 1966 tax returns. The plaintiffs contended in substance as follows: that the members of the Board of Tax Assessors were not legally appointed; that the tax receiver in taking 1966 tax returns did not administer an oath and did not furnish a list of questions to any taxpayer as required by law; that the $2,000 homestead exemption was applied against 40% of the actual value of real estate of taxpayers rather than against 100% of actual value as required; and that in stated particulars the tax officials improperly valued real and personal property throughout the county.

Upon the interlocutory hearing the trial court found against these contentions. Its judgment denying the injunction recited, among other matters, that the evidence showed that the 1966 tax digest for that county had been approved by the State Revenue Commissioner on December 20, 1966, that 96% of such 1966 taxes had been paid, and that 93.2% of all taxpayers of the county had paid their 1966 taxes.

This feature alone, as we appraise the numerous issues presented, is decisive. The plaintiffs' contentions involve not only their own taxes but the entire 1966 tax digest of the county. They did not file their suit until long after the State Revenue Commissioner had approved that digest pursuant to *Code Ann.* § 92-6917 (see *Youmans v. Hamilton,* 218 Ga. 402 (128 SE2d 151)), and after a vast majority of other taxpayers had voluntarily paid their 1966 taxes and hence could not recover them. See *Mayor &c. of Savannah v. Fawcett,* 186 Ga. 132, 138 (197 SE 253). Under these circumstances the plaintiffs are guilty of laches and are not entitled to the relief they seek. *Code* § 55-108; 84 CJS 1163, Taxation, § 582(d). See also, *Derrick v. Campbell,* 219 Ga. 795 (136 SE2d 381).

*Judgment affirmed. All the Justices concur, except Undercofler, J., who is disqualified.*