24697. KIKER et al. v. HEFNER et al.

FRANKUM, Justice. The appeal here is from an order denying the plaintiffs' amended motion for a summary judgment, which ruling was certified by the trial judge to be subject to review pursuant to the provisions of *Code Ann.* § 81A-156 (h). The action was one to enjoin the county commissioner, the tax receiver, and the members of the Board of Tax Assessors of Gilmer County from assessing and collecting allegely illegal ad valorem taxes on properties owned by the plaintiffs located in Gilmer County. The basis of the plaintiffs' complaint was the alleged invalidity of the tax digest for the calendar year 1967. The record shows that the plaintiffs admit liability to the county for some ad valorem taxes on the properties in question for the calendar year 1967. The original suit was tendered to the trial judge on April 3, 1967. It contains no allegations showing a tender of the taxes admitted to be due. However, no tender of any amount of taxes was made to the Tax Collector of Gilmer County by any of the plaintiffs prior to February 23, 1968. *Held:*

"He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit." *Code* § 37-104. " 'One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought. *S. F. & W. R. v. Morton,* 71 Ga. 24; *Hardwick v. Dalton,* 140 Ga. 633 (79 SE 553) ; *Burns v. Atlanta,* 22 Ga. App. 381, 382 (96 SE 11) ; *Wood v. Rome,* 24 Ga. App. 115 (100 SE 74).' *Peoples Credit Co. v. Atlanta,* 173 Ga. 653 (160 SE 873)." *Candler v. Gilbert,* 180 Ga. 679, 681 (180 SE 723). The prior tender of the amount of taxes admitted to be due is a condition precedent to the right to bring a suit to enjoin the collection of the amount in excess of the amount admitted to be

512

due and the subsequent payment or tender of the amount admitted to be due cannot avoid or cure the failure to meet this condition precedent. *Clisby v. City of Macon,* 191 Ga. 749 (13 SE2d 772). It follows that, if for no other reason than that set forth above, the plaintiffs were not entitled to a summary judgment in their favor and the trial court did not err in rendering the judgment appealed from. Since this defect in the proceedings was a fatal defect, any of the other alleged errors complained of before this court could not affect the outcome of the case, as in no event, under the facts appearing, can the plaintiffs prevail in this action.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 10, 1968—DECIDED JULY 16, 1968.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellants. *P. T. McCutchen, Avary Dimmock, Jr., Herman J. Spence, Bobby C. Milam, Arthur K. Bolton, Attorney General, H. Perry Michael, William L. Harper, Assistant Attorneys General,* for appellees.