**C. W. KIKER, Sr., Plaintiff-Appellant,**

v.

**Harold HEFNER et al., Defendants-Appellees.**

No. 26854.

United States Court of Appeals
Fifth Circuit.

April 10, 1969.

Clinton J. Morgan Wright, Walther & Morgan, Rome, Ga., for appellant.

Joe K. Telford, W. Woodrow Stewart, Telford, Wayne & Stewart, Gainesville, Ga., for appellees.

Arthur K. Bolton, Atty. Gen., William L. Harper, H. Perry Michael, Asst. Attys. Gen., Atlanta, Ga., for Peyton S. Hawes, Commissioner of Revenue of The State of Georgia.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

COLEMAN, Circuit Judge:

The appellant failed in his efforts to obtain federal court intervention in the assessment and collection of state imposed taxes. The District Court held that it was without jurisdiction and, in any event, the claim was barred by res judicata. The Court was right on both points and we affirm.

On May 3, 1967, C. W. Kiker, plaintiff-appellant, filed suit in the Georgia state courts against the sheriff and other county officials, attacking the assessment on his property for county taxes for the year 1966. He contended, *inter alia*, that the board of tax assessors was not legally appointed, that the homestead exemption was improperly applied, and that the tax officials improperly valued real and personal property in the county. He sought to enjoin the collection of the levy. The trial court dismissed the petition, and the Supreme Court of Georgia affirmed on the ground that the plaintiff was barred by laches, Kiker v. Worley, 223 Ga. 736, 157 S.E.2d 745 (1967).

The plaintiff subsequently filed a similar suit against the 1967 tax assessment. The State again denied injunctive relief. Kiker filed still a third suit December 22, 1967, complaining as to both the 1966 and 1967 assessments. The trial court denied temporary relief, and this was affirmed, Kiker v. Hefner, 224 Ga. 511, 162 S.E.2d 731 (1968).

Meeting with a complete lack of success in the Georgia state courts, Kiker then filed suit in the United States Dis-

* Sitting by designation as a member of this panel.

trict Court for the Northern District of Georgia to recover the amount previously paid for 1966 property taxes. Additionally, he sought an injunction against the threatened sale of his property for non-payment of the 1966 taxes, against the collection of the 1967 property taxes, and against the preparation of the 1968 tax digest. It was alleged that the assessment violated the due process and equal protection provisions of the Fourteenth Amendment and jurisdiction was asserted under 28 U.S.C. § 1331.

The District Court dismissed the complaint on the ground that jurisdiction was barred by 28 U.S.C. § 1341, holding that a plain, speedy and efficient remedy existed in the state courts. In so doing, the Court stated:

> "The remedies in Georgia are adequate and complete and oust the Federal Court of jurisdiction. In fact, the plaintiff recognizes the remedy and has brought actions for injunctive relief as to both years 1966 and 1967 in the Gilmer Superior Court raising the same issues as raised in the complaint. As stated, however, the test is whether a state remedy exists and not whether complainant won or lost."

Kiker filed notice of appeal on January 30, 1968, and applied to a judge of this Court for an injunction pending appeal, which was denied. He paid his property taxes for 1966 to prevent the sale of the property and dismissed his appeal, presumably because the controversy was moot.

Thereafter, in May, 1968, Kiker filed another suit in the Northern District of Georgia, seeking to recover the 1966 taxes paid by him, seeking an injunction against the preparation of an illegal tax digest "for 1968 and subsequent years", and against the collection of the 1967 taxes.

The District Court granted the motion to dismiss on the ground that it was barred by res judicata, in that the complaint and the earlier suit involved the same controversy between identical parties.

Kiker now appeals this dismissal.

■ Appellant contends initially that the Court below erred in dismissing the complaint on the ground of res judicata. He admits that the facts in the present complaint are identical to those in the earlier federal court complaint. He argues that despite identity of facts and issues, res judicata is inapplicable for two reasons.

First, he argues that the earlier dismissal was "patently erroneous", and therefore, that the dismissal was ineffective. To substantiate his position on this point, appellant cites dictum in Wayside Transportation Co. v. Marcell's Motor Express, Inc., 284 F.2d 868, 871 (1960), in which the First Circuit said:

> "And the principle that there shall be but one adjudication of an issue between the same parties covers the issue of jurisdiction over a defendant's person, provided the court first deciding that issue * * * *did not make so gross a mistake as to be impossible 'in a rational administration of justice'.* Chicago Life Insurance Company v. Cherry, supra, 244 U.S. [25,] at page 30, 37 S.Ct. [492,] at page 493 [61 L.Ed. 966.]" [Emphasis added].

However, this Court has recently said that res judicata is applicable even if the former judgment may have been erroneous. Acree v. Air Line Pilots Association, 5 Cir. 1968, 390 F.2d 199, 203. It has also stated that a judgment based on an unconstitutional state statute is not void until reversed or otherwise set aside:

> "Until such a judgment is reversed or regularly set aside, it is valid and binding upon the parties thereto and their privies. It is the law of the case. * * * Oftentimes vested interests are created by such judgments and positions are irretrievably changed as a result of them. *The remedy available to the aggrieved party in such cases is to prosecute a direct appeal from the judgment, just as it is in any other case.* Otherwise the matter determined becomes res judicata and subsequently proceedings are subject to the finality which experience of the

ages accords the maintenance of such a plea. Such a judgment, even though subsequent decisions prove it erroneous, is not void and, since it is not, is not subject to vacation under Rule 60 (b) (4), Federal Rules of Civil Procedure, 28 U.S.C.A." [Emphasis added].

Elgin National Watch Co. v. Barrett, 5 Cir. 1954, 213 F.2d 776, 779. See also, Estate of Farish v. United States, S.D. Texas 1964, 233 F.Supp. 220, 225; affirmed, 5 Cir. 1966, 360 F.2d 595.

Secondly, appellant asserts that he could not appeal the district court order dismissing his complaint because the issues would have become moot by the time the appeal reached this Court. (Appellant paid his 1966 taxes after the district court order to prevent levy against his property). Therefore, he argues, to apply *res judicata* to such a situation would deny him his right to have his case adjudicated by a federal court and would penalize him merely because his case became moot on appeal. However, appellant cites no authority, and we find none, to support this novel proposition. Furthermore, appellant's attack on the 1967 assessment and acts of nonfeasance and misfeasance by county officials in 1968 would not have become moot before reaching this Court.

The Court below stated:

"Both suits are grounded on the same underlying facts as evidenced by the fact that the allegations of the former suit are repeated verbatim here. Added to the present suit is a specific prayer for injunction against the illegal preparation of the 1968 tax digest which is only a variation of the prayer in the former suit seeking to enjoin defendant from 'committing any of the acts of misfeasance and nonfeasance above set forth, in 1968 or subsequent years'. The present suit omits reference to 1966 taxes, which have now been paid. Except for a further unsuccessful attempt to press his case in the state courts, there is no difference between the earlier and present actions."

The District Court was undoubtedly correct in its application of *res judicata* to this situation.

Moreover, we affirm on the additional ground that the United States Court was without jurisdiction.

The statute provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the Courts of such State." 28 U.S.C. § 1341.

Appellant insists that Georgia law provides no plain, speedy, and efficient remedy, and therefore § 1341 is inapplicable. He points out that he has twice been denied relief by the Georgia Supreme Court. However, he neglects to point out that that Court denied relief because Kiker had failed to follow prescribed procedure. In the first instance, Kiker v. Worley, 223 Ga. 736, 157 S.E.2d 745 (1967), it was held that Kiker was barred by laches. In the second instance, Kiker v. Hefner, 224 Ga. 511, 162 S.E.2d 731 (1968), the Court affirmed the denial of Kiker's motion for a summary judgment, because his action for injunctive relief was not accompanied by a tender of taxes admittedly due. Appellant has continued to refuse to pay even that part of the taxes admittedly valid and due, as is required under Georgia law before a taxpayer may obtain judicial relief. Holloway v. De Vane, 212 Ga. 182, 91 S.E.2d 350 (1956), Georgia Code, Title 37, § 104.

Appellant also claims that in holding that there was a plain, speedy, and efficient remedy in the Georgia courts, the district court in the first instance completely ignored the Supreme Court's decision in Georgia Railroad and Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1951). In *Redwine*, the taxpayer sought an injunction in the courts of Georgia against the collection of certain taxes, but relief was denied when the Georgia Supreme Court held that the ac-

**1070**

tion was an unconsented suit against the state and could not be maintained in the courts of Georgia. The taxpayer then brought suit in federal court. The Supreme Court held that the Georgia courts provided no plain, speedy, and efficient ·remedy, so the federal court properly had jurisdiction.

The situation here is entirely different. In the first place, this is not a suit against the State of Georgia; hence, the consent of the State is immaterial. See Cannon v. Montgomery, 184 Ga. 588, 192 S.E. 206, 208 (1937). And in the second place, the Georgia courts *have* recognized injunctive relief as a proper remedy for a taxpayer to attack state taxation. See Undercofler v. Eastern Air Lines, Inc., 221 Ga. 824, 147 S.E.2d 436 (1966); Colvard v. Ridley, 218 Ga. 490, 128 S.E.2d 732 (1962). This Court has long recognized that a remedy by injunction in a state court is a plain, speedy, and efficient remedy, Norton v. Cass County, 5 Cir. 1940, 115 F.2d 884.

The District Court was without jurisdiction, and, in any event, *res judicata* applied.

Affirmed.