44085.   KIKER v. HEFNER, Commissioner, et al.

ARGUED JANUARY 13, 1969—DECIDED MAY 7, 1969.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellant.
*P. T. McCutchen, Avary Dimmock, Jr., Herman J. Spence, Bobby C. Milam,* for appellees.

JORDAN, Presiding Judge. 1. The ruling of the trial court refusing to dismiss the petition did not fix the law of the case to preclude final disposal thereof by the simultaneous grant of a summary judgment for the defendants. While a petition may amply meet the liberalized requirements of notice pleading under the Civil Practice Act, so as to preclude dismissal from a consideration of the petition alone, the court has authority to consider matter outside the pleadings, if presented, and if it does, as was done in the present case, it must dispose of the matter under summary judgment procedures. CPA §§ 12, 56, *Code Ann.* §§ 81A-112 (c), 81A-156. We regard the ruling on the petition as merely a prelude to disposition of the matter by a ruling under the summary judgment procedures.

2. The motion for summary judgment is supported by evidence that at the time the petition for declaratory judgment was filed on December 22, 1967, and on the date of the trial court's order on September 6, 1968, granting the motion for summary judgment, cases 922 and 930 involving substantially the same parties and the same issues were pending in Gilmer

Superior Court. The trial court's order of September 6, 1968, recites that "in case No. 930 Gilmer Superior Court, involving the same defendants, the plaintiff raised substantially the same issues concerning the 1966 ad valorem taxes and this court denied an interlocutory injunction which was affirmed by the Supreme Court of Georgia in Kiker v. Worley, 223 Ga. 736 (157 SE2d 745) (1967)," and that the plaintiff "also brought an equitable action against these parties (Case No. 922, Gilmer Superior Court) raising substantially the same issues concerning the tax year 1967 and was subsequently amended to include the tax year 1968. This court denied a motion for summary judgment in Case No. 922, and the Supreme Court of Georgia affirmed, holding that the failure to tender the taxes due as condition precedent to bringing the action was a fatal defect and that in no event, under the facts appearing, could the plaintiff prevail in the action." See *Kiker v. Hefner*, 224 Ga. 511 (162 SE2d 731).

A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined. *Ulmer v. State Hwy. Dept.*, 90 Ga. App. 833 (84 SE2d 583), citing *Shippen v. Folsom*, 200 Ga. 58 (35 SE2d 915) and other cases. See also *Johnson v. Fulton County*, 216 Ga. 498 (117 SE2d 155). Nor will an action for declaratory judgment lie where the rights of the parties have already accrued. *Lumbermen's Mut. Cas. Co. v. Moody*, 116 Ga. App. 2 (156 SE2d 117). Nor will it lie where the declaration of the rights would be academic or useless. *Ga. Power Co. v. City of Cedartown*, 116 Ga. App. 596 (158 SE2d 475).

The prayers in the petition for declaratory judgment ask for substantially the same relief and against the same defendants as in the pending cases and all issues raised by this petition were involved in or could be raised in the actions pending in the same court at the time the petition was filed and the order entered thereon.

Appellant relies on *Code* § 3-114, as amended, allowing a plaintiff to pursue any number of consistent or inconsistent

remedies against the same or different persons until he shall obtain a satisfaction. It is apparent that this Code section does not apply to a petition for declaratory judgment, for as was stated in *Clein v. Kaplan,* 201 Ga. 396, 403 (40 SE2d 133), the distinctive characteristic of a declaratory judgment is that it "stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party."

In view of the record before us, the trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Hall and Whitman, JJ., concur.*