## 44863. KIKER v. PINSON.

DEEN, Judge. 1. The appellant in his appeal from denial of his motion for summary judgment complains of the introduction of documentary evidence consisting of previous cases filed by him in the Superior Court of Gilmer County regarding payment of the same taxes which are the subject matter of

this action, the judgment therein, and in two instances the Supreme Court opinions rendered on appeal. The contention is simply that under *Code Ann.* § 81A-156 (c) documentary evidence has no place in a summary judgment proceeding. This is not the case. The section is in the language of § 56, Federal Rules of Civil Procedure, which permits the use of such documentary evidence and additional materials as would be admissible in evidence on the trial of the case. Moore, Federal Practice, Vol. 6, § 56.11 (1. — 8). In United States v. U. S. Gypsum Co., 340 U. S. 76 (71 SC 160, 95 LE 89), the record of a former trial of the case was held to be properly considered. The purpose of summary judgment procedures would not be advanced by artificial blockades against the production of facts helpful in the determination of whether or not a jury issue exists, and this includes both oral and documentary evidence. *Code Ann.* § 81A-156 (f) should also be used to protect the opposite party, where necessary when a motion for continuance is made on the ground of surprise.

2. (a) "Color of office" means a pretense of official right to do an act made by one who has no such right. *Citizens Bank of Colquitt v. American Surety Co.,* 174 Ga. 852 (164 SE 817). Thus, a tax collector who levies a business license tax against one not engaged in the business to which such taxes are applicable, and who coerces payment of the tax by issuing a fi. fa. and causing seizure of the plaintiff's property, is acting wholly beyond the jurisdiction of his office, is a mere trespasser, and may be held personally liable to one thus coerced into paying taxes to prevent an illegal judicial sale of the property after levy. *Stewart v. Atlanta Beef Co.,* 93 Ga. 12 (3) (18 SE 981, 44 ASR 119).

(b) Such is not the case here, and appellee, Tax Collector of Gilmer County, did not act beyond his jurisdiction in compelling payment by the appellant of 1966 and 1967 state and county ad valorem taxes on real property of the appellant, a nonresident of Gilmer County, located therein. The appellant does not claim that he was taxed differently from others, or that his land is not subject to taxes or that the levy exceeded the assessment, but only that the practice of assessing real property in the county at 40% of its fair market value is in violation of *Code* §§ 92-5702 and 92-5703 which demand that property must be returned and assessed

at fair market value; that the practice of assessing at 40% of fair market value and then deducting the $2,000 homestead exemption results in those taxpayers who reside in the county paying less in real taxes than those who do not, and that therefore the sum assessed against him is illegal. These sections are now superseded by Ga. L. 1968, pp. 358, 359, and as to future taxes the proper method of assessment will be that which was actually followed in this case. In 1966 and 1967 Gilmer County tax digests were approved by the State Revenue Commissioner, who was then in process of attempting to find a method of equalizing tax assessments throughout the State. In previous years county assessments throughout the State averaged approximately 25% of fair market value; some counties actually approved assessments as low as 8% to 10% of fair market value. So far as the evidence in this record shows, there is no county which based its assessment on 100% of fair market value. It thus appears that the 40% figure used in Gilmer County for the tax years 1966 and 1967, although contrary to the statutory mandate, was not discriminatory. "The duty to assess property at fair market value for tax purposes must yield to the duty to avoid discrimination." *McLennan v. Undercofler*, 222 Ga. 302 (149 SE2d 705). The remaining question raised is whether the constitutional $2,000 exemption should be applied against fair market value or against assessed valuation, and this too has been decided against the appellant in *Youmans v. Hamilton*, 218 Ga. 402 (128 SE2d 151) where it was held that in the absence of a successful constitutional attack on *Code Ann.* § 92-235, and after the value which the tax assessors placed on the subject lands was approved by the State Revenue Commissioner "the trial judge did not err in ruling that the allowable homestead exemption should be credited on the assessed value of each taxpayer's land as such value was finally determined and fixed by those tax officials who were required by law to value it." It is also to be noted that the taxes involved here have also been the subject to prior litigation in *Kiker v. Morley*, 223 Ga. 736 (157 SE2d 745); *Kiker v. Hefner*, 224 Ga. 511 (162 SE2d 731) and *Kiker v. Hefner*, 119 Ga. App. 629 (168 SE2d 637). It follows that the defendant tax collector was not a mere trespasser acting colore officii in proceeding with the levy on these taxes, and is not individually liable to the plaintiff as a result of his successful legal efforts to collect them.

In conclusion, it must be admitted that the plaintiff's position that the statute law of this State in effect until the Act of 1968, supra, did require property to be assessed at fair market value is eminently correct, and that compliance with the law would have had the effect of providing the counties of this State with a wider tax base. We can only say that under the decided cases this is an example of the irresistible force of law meeting the immovable object of custom, with the usual result.

The trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 3, 1969—DECIDED DECEMBER 5, 1969.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellant. *P. T. McCutchen, Avary Dimmock, Jr., Herman J. Spence, Bobby Milam,* for appellee.