26718.   HILLIS et al. v. PARRISH et al.

SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 7, 1971.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellants.
*John W. Langdale,* for appellees.

MOBLEY, Presiding Justice. Clyde Hillis and others appeal from the order denying them an interlocutory injunction and dismissing their complaint.

The appellants, taxpayers of Echols County, brought their complaint against the tax collector and sheriff, alleging that: The tax collector has turned over to the sheriff described tax executions against the appellants representing ad valorem tax assessments for the years 1967, 1968, and 1969. The sheriff has advertised their properties for sale by virtue of these executions. The executions are illegal, null, and void for the reason that the assessments on which they were based were illegal, null, and void. The assessments for the years 1967, 1968, and 1969 were made by the board of tax assessors upon an arbitrary system by which all real estate in the county was appraised at $80 per acre, with the exception of one-acre homesites, which were appraised at $300 per acre, resulting in failure to assess real property on the basis of fair market value. While appraising real estate as above described, the board of tax assessors "particularly appraised the residences of these plaintiffs . . . thereby resulting in gross inequity as to these taxpayers, and thereby causing these taxpayers to bear more than their fair share of ad valorem taxes." The board of tax assessors deliberately and intentionally failed to assess personal property in the county. The policy of the board of tax assessors violates the tax uniformity requirement of the Constitution of Georgia, results in an excessive levy of taxes upon the appellants' properties, and denies them due process of law, guaranteed by the State and Federal Constitutions. Amounts alleged to be the taxes due, based on fair market value, were tendered with the complaint. The appellants sought declaratory judgment, temporary restraining order and permanent injunction against the tax levies, and cancellation of the tax executions upon the payment to the tax collector of the amounts tendered.

After a hearing on the issue of the grant of an interlocutory injunction, the trial judge found that the evidence showed: The board of tax assessors of the county assessed valuations in the years 1967, 1968, and 1969, under the arbitrary system alleged by the appellants, and failed to particularly and fairly appraise and assess personal prop-

erty. Substantially all of the taxes have been collected for these years. The Echols County commissioners for each of these years have budgeted the county's financial needs, made tax levies accordingly, and spent the tax money collected in each of these years. The appellants were aware of the system of property evaluations and assessments made in these years.

The trial judge concluded as a matter of law that the appellants were guilty of laches in waiting until February, 1971, to file their complaint against the system of evaluation used in the years 1967, 1968, and 1969, and that they are not entitled to the relief prayed. The complaint was dismissed.

This case falls within the rule stated in *Kiker v. Worley,* 223 Ga. 736 (157 SE2d 745). In that case, as in the present case, the taxpayers were not complaining of an unconstitutional tax, or an unconstitutional law under which the tax was levied, but were complaining of the manner of assessment of the taxes. It was there held that since the taxpayers did not file their action until long after the State Revenue Commissioner had approved the digest, and after a vast majority of the other taxpayers had voluntarily paid their taxes and could not recover them, the taxpayers were guilty of laches and were not entitled to the relief sought. See also *Hawes v. Conner,* 224 Ga. 567 (163 SE2d 724).

There is no merit in the contention of the appellants that they had no remedy to enjoin the assessments prior to issuance of executions against them. Taxpayers who act with diligence can enjoin assessments which are null and void for lack of uniformity. *Calvard v. Ridley,* 218 Ga. 49 (128 SE2d 732); *Register v. Langdale,* 226 Ga. 82 (4) (172 SE2d 620).

The trial judge did not err in denying interlocutory injunction and in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*