30520. CHILIVIS v. KELL et al.
30620. KELL et al. v. DOUGLAS COUNTY, GEORGIA et al.

JORDAN, Justice.

Kell and others, taxpayers of Douglas County, filed their complaint, as amended, against the County of Douglas and named officers thereof, and the State Revenue Commissioner, in which they alleged that the assessed values of their properties as returned by them have been arbitrarily changed and increased by the Tax Assessors for the 1974 ad valorem tax digest as the result of an illegal and nonuniform scheme, plan, and practice to increase tax assessments in Douglas County. Particulars were detailed of the methods used which resulted in the alleged lack of uniformity. This lack of uniformity was asserted as between individual taxpayers in Douglas County; individual taxpayers in Douglas County who returned their properties to the county and those who returned their properties to the State Revenue Commissioner; and individual taxpayers in Douglas County and individual taxpayers in the remainder of the state.

The original complaint sought to enjoin the tax commissioner from forwarding the proposed 1974 digest to the State Revenue Commissioner for approval. Prior to the hearing on the temporary injunction, the digest was submitted to the State Revenue Commissioner and approved by him. Thereafter the State Revenue Commissioner was named as a party defendant. The complaint as amended sought to permanently enjoin the implementation of the tax digest and a levy of taxes thereon until the digest is corrected; to declare the rights of the taxpayers; to declare certain statutes uncon-

stitutional; and other relief.

After hearing evidence the trial judge found that the Douglas County digest was not invalid as a result of the failure of the State Revenue Commissioner to equalize classes of property within the county; that the term "fair market value" and the use thereof have not resulted in a lack of uniformity in the county; and that the use of the ratio study statute does not destroy uniformity as between the taxpayers of the county. He further held that there has been no substantial lack of uniformity in the assessment of property between individual taxpayers in Douglas County; the taxpayers are not treated unequally, and do pay a disproportionately higher percentage of Douglas County taxes because railroads and public utilities have their properties apportioned across the several counties of the state; the taxpayers of Douglas County are being treated in an unequal manner in the equalizing of property for ad valorem tax purposes as between the counties by the State Revenue Commissioner.

The trial judge temporarily restrained the defendants from collecting the 1/4 mill tax levy upon taxpayers of Douglas County for state purposes; and from collecting interest upon 1974 tax executions in excess of 7% per annum. All other temporary injunctive relief was denied.

The State Revenue Commissioner appeals from that portion of the order temporarily restraining the defendants from collecting the 1/4 mill state tax levy.

The taxpayers appeal from the portion of the order denying temporary injunction as to the collection of 1974 taxes due Douglas County.

1. In *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975), this court held that a county board of equalization, pursuant to Code Ann. § 92-6912 (5A) and (4B) (Ga. L. 1972, pp. 1094, 1095), has full authority to fashion an adequate and appropriate legal remedy to redress grievances of taxpayers regarding the valuation of individual parcels of land and the uniformity of the county tax assessments. See also *Grafton v. Turner,* 227 Ga. 809 (183 SE2d 458) (1971).

The trial judge, therefore, did not err in holding that

the taxpayers had no right to injunctive relief because of the alleged failure of the Douglas County Tax Assessors to make uniform assessments as between individual taxpayers in Douglas County.

2. The taxpayers' enumerated errors and arguments pertaining to the trial judge's finding that they were not unequally treated in comparison with railroads and public utilities who make their returns to the State Revenue Commissioner are: (a) that the trial judge found that the properties of railroads and public utilities are assessed in Douglas County at 40% of fair market value and the land in Douglas County is assessed at 100% of fair market value; and (b) the term "fair market value" violates the due process clause of the Constitution because it is too vague and indefinite to be enforceable.

There is no merit in these contentions.

(a) The properties of individual taxpayers who make their returns to the county, and the properties of railroads and public utilities who make their returns to the State Revenue Commissioner are returned at 100% fair market value and placed on the tax digest at 40% of fair market value. There is no lack of uniformity in the laws pertaining to both classes of taxpayers. *Ogletree v. Woodward,* 150 Ga. 691 (105 SE 243) (1920).

The trial judge's finding of fact is not subject to the interpretation placed on it by the taxpayers. He found that both classes of property were valued at 100% of fair market value and assessed for tax purposes at 40% of fair market value.

(b) The definition of "fair market value" which existed at the time of the assessments in the present case (Code § 92-5702, as amended by Ga. L. 1968, p. 358) was not too vague and indefinite to be enforced.

3. It was not error for the trial judge to hold that the use of the ratio study statute (Code Ann. § 92-7008 et seq.; Ga. L. 1970, p. 542, 1972, p. 829) did not destroy uniformity as between the taxpayers of the county.

4. The trial judge did not err in holding that the digest was not invalid as the result of the failure of the State Revenue Commissioner to equalize classes of property within the county. *Griggs v. Greene,* 230 Ga. 257 (3) (197 SE2d 116) (1973).

5. The trial judge found from the evidence that taxable property in five counties surrounding Douglas County was assessed at lower valuations than that in Douglas, resulting in discrimination against property owners in Douglas County and the payment by them of a higher state tax than the residents of the surrounding counties.

Code Ann. § 92-7001 (Ga. L. 1966, pp. 45, 46; 1970, pp. 91, 92; p. 642; 1972, p. 174) requires the State Revenue Commissioner to examine the tax digests of the counties of the state and to require adjustments in the digests in order to equalize the values of property throughout the state.

In *Griggs v. Greene,* 230 Ga. 257 (4) supra, this court held: "The Acts referred to in the foregoing headnote [Code Ann. §§ 92-7001 through 92-7002.1] are not violative of the due process and equal protection provisions of the State and Federal Constitutions by reason of their failure to provide either singly or collectively for notice and an opportunity to be heard to individual taxpayers in counties where adjustments of individual assessments are effected by reason of an order of the revenue commissioner directing a percentage adjustment in the digest of the county as to the whole class of tangible property." There was an extensive quotation in the *Griggs* case, at p. 270, from *Ogletree v. Woodward,* 150 Ga. 691, supra, in which this court discussed the impracticability of individual taxpayers being heard on decisions made by the (then) state tax commissioner in requiring an adjustment of the county digest. It was pointed out that any objection to an adjustment in the digest must come from the county tax assessors.

The same reasoning applies to a question concerning the proper adjustment of values in a county digest in comparison with other counties of the state. It would create a chaotic condition in the tax affairs of the state if individual taxpayers in each of the counties had the right to challenge the factual decisions of the State Revenue Commissioner in equalizing "as far as practicable" (Code Ann. § 92-7001 (b)) the values of property subject to taxation in the state.

The holding in *Griggs v. Greene,* 230 Ga. 257 (3),

supra, and cases following it, that injunction was proper to enjoin the enforcements of orders of the State Revenue Commissioner subdividing classes of property in an unconstitutional manner for adjustments in county digests, is not in point here. Here the duty of the State Revenue Commissioner to equalize the digests is acknowledged, but it is asserted that he performed his duty in an improper manner. If objection is made to the exercise of the discretion of the State Revenue Commissioner in equalizing digests, it must come from the county, and not from individual taxpayers.

It was error for the trial judge to enjoin the enforcement of the state's 1/4 mill levy.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED NOVEMBER 18, 1975 — DECIDED JANUARY 28, 1976 — REHEARING DENIED FEBRUARY 11, 1976.

*Arthur K. Bolton, Attorney General, Gary P. Andrews, Assistant Attorney General,* for appellant (case no. 30520).

*Dunaway & Perry, Marson G. Dunaway, Jr., William C. Tinsley, II, Swift, Currie, McGee & Hiers, J. Alexander Porter,* for appellees.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellants (case no. 30620).

*Swift, Currie, McGee & Hiers, J. Alexander Porter, William C. Tinsley, II, Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General,* for appellees.