**John Q. ADAMS, et al.**

v.

**Lamar R. SMITH, in his official capacity as Tax Commissioner of Douglas County, Georgia, et al.**

**Civ. A. No. C76–466A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 22, 1976.

G. Michael Hartley, George C. Reid, Hartley & Reid, Douglasville, Ga., for plaintiffs.

Gary B. Andrews, Atlanta, Ga., for Chilivis.

William C. Tinsley, II, Douglasville, Ga., for Douglas County defendants.

## ORDER

JAMES C. HILL, Circuit Judge, Sitting by Designation.

This action arises under the Fifth and Fourteenth Amendments to the Constitution of the United States. The plaintiffs and the class which they propose to represent are all real and personal property owners in Douglas County, Georgia, who have been subjected to claims for ad valorem tangible property taxes. The defendants are certain local county officials and the State Revenue Commissioner of the State of Georgia. Plaintiffs contend that the state laws under which the taxes are levied fail to provide them with an opportunity to be heard prior to the assessment and levy of their taxes becoming final; that the assessment and levy are arbitrary and capricious and fail to bear any rational relationship to the purposes for which the taxes are levied; that the assessment and levy constitute the taking of property without just compensation; that the applicable statutory standard of fair market value for the assessment and levy is vague and subject to different interpretations by reasonable men; that the applicable statutory standards for fair market value for the assessment and levy are discriminatory, unreasonable, arbitrary, and capricious creating an impossible task for the tax assessors resulting in non-uniform and unfair market value assessments; and that the method of assessing property in the county and the method of equalizing assessments are arbitrary and capricious. The plaintiffs pray that the defendants be permanently enjoined from levying and collecting taxes and from levying upon property owned by the plaintiffs and their proposed class and that the revenue laws of the State of Georgia be declared unconstitutional as violative of the rights of the plaintiffs and the class which they propose to represent.

The case is presently before the Court on the defendants' motions to dismiss. The defendants argue that this Court lacks subject matter jurisdiction in that state law provides a plain, speedy and efficient remedy in the state courts pursuant to Section 1341 of Title 28, United States Code. On the other hand, plaintiffs argue that they do not have a plain, speedy and efficient remedy in the state courts so as to withdraw the jurisdiction of this Court over the case. Upon careful consideration the Court concludes that the plaintiffs do have a plain, speedy and efficient remedy in the state courts, and, therefore, the defendants' motions to dismiss should be granted.

As an initial matter, it would appear appropriate that this Court address itself to the issue of whether a district court of three judges is required to consider this case. While neither party has requested a three-judge court, plaintiffs seek a permanent injunction restraining the enforcement of a state statute by restraining the action of a state officer in the execution of a state statute on the grounds that the statute denies them certain rights in violation of

the Constitution. Thus, on the face of the complaint the case would seem to require a district court of three judges under 28 U.S.C. §§ 2281 and 2284.

In *Gonzalez v. Employees Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974), the Supreme Court stated that "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Id.* at 100, 95 S.Ct. at 295. Subsequently, in *Wells v. Malloy*, 510 F.2d 74 (2nd Cir. 1975), the court held that the issue of whether maintenance of an action was barred by the application of § 1341 was appropriate for resolution by a single judge. Therefore, the Court is of the opinion that consideration of the defendants' motions to dismiss at this time is permissible.

Title 28 U.S.C. Section 1341 provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The federal courts have on a number of occasions determined that the State of Georgia provides an adequate method for taxpayers to contest their taxes. *Kiker v. Hefner*, 409 F.2d 1067 (5th Cir. 1969); *Allanson v. Camp*, 324 F.Supp. 734 (N.D.Ga. 1971); *Williams v. Chilivis*, Civ. No. C75–2387A (N.D.Ga.1976); *see also Baxter v. Strickland*, 381 F.Supp. 487 (N.D.Ga.1974); *Battle v. Cherry*, 339 F.Supp. 186 (N.D.Ga. 1972). However, a contrary result has also been reached on occasion. *Georgia Railroad & Banking Co. v. Redwine*, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952); *see also Denton v. City of Carrollton, Georgia*, 235 F.2d 481 (5th Cir. 1956).

Plaintiffs urge that there is no plain, speedy and efficient remedy in the state courts. First, while the state constitution requires uniformity of assessment, Ga.Code Ann. § 2–5403, and the state revenue commissioner is required by statute to assure uniformity as between counties and between classes within a county, Ga.Code Ann. § 92–7001, plaintiffs assert that they have no individual remedy by which they can challenge the uniformity of the state tax levy. Second, plaintiffs assert that many of the individual taxpayers have no right to contest the assessment of their property, particularly with regard to the uniformity of assessment. Finally, plaintiffs contend that even as to those taxpayers who do have a remedy under state law, that remedy is slow, burdensome, inefficient and does not provide for a class action.

Upon the receipt of the county tax digest, the State Revenue Commissioner is required to carefully examine and compare the tax digests of the several counties and determine "whether the valuation of the various classes of property as made in the respective counties for taxation purposes is reasonably uniform as between the various counties and as between the various classes within a county . . ." Ga.Code Ann. § 92–7001(a). Based upon this final adjusted digest, the county tax commissioner collects the county tax and the state tax. Plaintiffs argue that it follows that if the state revenue commissioner fails to insure uniformity among counties, then the state tax levy is nonuniform and that there is no remedy under state law for an individual taxpayer to challenge this nonuniformity. Consequently, plaintiffs conclude that they have no plain, speedy and efficient remedy in state court.

The plaintiffs' position would appear to be correct as far as it goes. In *Chilivis v. Kell*, 236 Ga. 226, 223 S.E.2d 117 (1976), and *Butts County v. Briscoe*, 236 Ga. 233, 223 S.E.2d 199 (1976), the Georgia Supreme Court held that individual taxpayers have no right under state law to challenge the factual decisions of the State Revenue Commissioner in equalizing the digests of the various counties.

. . . . . It would create a chaotic condition in the tax affairs of the state if individual taxpayers in each of the counties had the right to challenge the factual decisions of the State Revenue Commissioner in equalizing 'as far as practicable'

(Code Ann. § 92–7001(b)) the values of property subject to taxation in the state. *Chilivis v. Kell, supra,* 236 Ga. at 229, 223 S.E.2d at 120.

The Georgia Supreme Court intimated that any objection to an adjustment by the State Revenue Commissioner or failure to make an adjustment must come from the county tax assessors.

However, it is clear from the decision in *Griggs v. Greene,* 230 Ga. 257, 197 S.E.2d 116 (1973), that an individual remedy is not always unavailable to an individual taxpayer. In *Griggs* the Georgia Supreme Court upheld the granting of an injunction against the State Revenue Commissioner on behalf of individual taxpayers. While the Georgia Supreme Court noted the general rule that individual taxpayers could not bring suit against the State Revenue Commissioner, citing *Ogletree v. Woodward,* 150 Ga. 691, 105 S.E. 243 (1920), the court distinguished the earlier opinion by noting that:

'[t]he orders complained of, however, are void and illegal because they do not follow the mandate of the Acts nor of the constitutional provisions under which they purportedly were issued and insofar as the judgments enjoined the enforcement of the orders of the revenue commissioner they are proper."

*Griggs v. Greene, supra,* 230 Ga. at 273, 197 S.E.2d at 124.

The differing rules set out above can be most easily understood by referring to the duties of the State Revenue Commissioner under the Georgia state revenue laws. As set out in the *Griggs* opinion:

. . . Under the provisions of Chapter 92–70, it is the duty of the revenue commissioner to carefully examine the digest, to compare the digests of the various counties for the purpose of ascertaining whether the valuation of the various classes of property as made in the respective counties is reasonably uniform as between the counties and as between the various classes within the county. It is clear that the duty of the revenue commissioner to examine the digest of a particular county extends no further than an examination of the digest as to particular classes of property as entities and that he is authorized to make percentage adjustments in the digests as to any particular class or classes of property with respect to the whole digest of that class and not with respect to segments of the class. Under the law, when the revenue commissioner orders percentage adjustments in the assessments as to any class or classes of property, it is his further duty to make adjustments in the millage rate of the county "so as to ensure that the adjusted county digest will produce an amount of revenue reasonably equivalent to that amount of revenue which would have been produced had no adjustments been made to the county valuations." Code Ann. § 92–7001(c). The presumption is that adjustments thus made in the total digest do not disturb the previously established uniformity and equality as between individual taxpayers since all who pay taxes on the class or classes of property to which the adjustments are applied remain in substantially the same relation to each other after the adjustments as they were before the adjustments were made.

*Id.* at 269–270, 197 S.E.2d at 122–123.

The clear import of these state court decisions is that insofar as the State Revenue Commissioner makes factual decisions within his statutory responsibility, *individual* taxpayers may not challenge his actions. The obvious reason for such a rule is because the State Revenue Commissioner may not act to affect an individual taxpayer apart from any particular class or classes of property. The State Revenue Commissioner makes decisions which affect classes of property. Of course, individual taxpayers ultimately are affected by his decisions. However, Georgia law does not allow an *individual* taxpayer to individually sue the State Revenue Commissioner to challenge his decision on any particular class of property. The rationale is that a decision on a class of property affects many people other than an individual taxpayer and an individ-

ual taxpayer should not be allowed to enjoin the action of the State Revenue Commissioner which affected an entire class of taxpayers. The remedy which Georgia law provides for the class-wide decision of the State Revenue Commissioner is a challenge by the representatives of the class affected, such as the board of tax assessors. Insofar as the State Revenue Commissioner goes beyond his power, individual taxpayers may bring suit to enjoin his action as in *Griggs v. Greene, supra.* The Court finds this distinction eminently reasonable and the remedies in each instance adequate.

The plaintiffs next contend that there is no remedy in state court for an individual taxpayer to challenge the nonuniformity within the county. Plaintiffs argue that this follows from the procedure under state law necessary in order to obtain an appeal of one's assessment. Thus, an appeal of one's assessment to the County Board of Equalization must be made within ten (10) days from the date notice is given to the taxpayer by the Board of County Tax Assessors. However, a notice is sent to a taxpayer only if there is a change in his assessment. If the return has not been changed, no notice is sent and therefore, no appeal can be made. Therefore, plaintiffs contend that they have no procedure under state law by which they can contest the assessment of their property. In addition, plaintiffs argue that insofar as they wish to contest the uniformity of assessment within the county, they have no remedy because the tax digest is not prepared until after the time for contesting their assessment has run and that under Georgia law they may not obtain injunctive relief.

The first branch of plaintiffs' argument appears to be sound upon the face of the relevant statutory procedure. All taxable property in Georgia is required to be returned by the taxpayer at its fair market value to the county tax receiver. Ga.Code Ann. §§ 92–4601 and 4611 and § 92–5703. Any taxpayer who returned or paid taxes for a preceding tax year and who fails to return his property for any subsequent tax year as required by law is deemed to have returned for taxation for the current year

the same property as was returned or deemed returned in the preceding tax year at the same valuation as was finally determined for the prior tax year. Ga.Code Ann. § 92–6202.1. Taxpayers have until April 1 of each year to file their return on property held as of January 1 of that year. Ga.Code Ann. §§ 92–6201–6202. Within ten (10) days of April 1 of each year the county tax receiver must present the list of returns to the county board of tax assessors. Ga.Code Ann. § 92–6902. The county board of tax assessors is required to examine the returns and, if necessary, correct and assess property at its just and fair value. The county board of tax assessors is also required to see that "valuations as between the individual taxpayers are fairly and justly equalized so that each taxpayer shall pay as near as may be only his proportionate share of taxes." Ga.Code Ann. § 92–6911. If the county board of tax assessors make any corrections, changes or equalizations, written notice must be given any taxpayer of changes made in his returns. *Id.* Any taxpayer may appeal from an assessment by the county board of tax assessors to the county board of equalization. Ga.Code Ann. § 92–6912(5)(A). In the case of residents of the county a notice of appeal must be filed "within 10 days from the date of giving the notice" referred to above. Ga.Code Ann. § 92–6912(5)(C). Thus, the plaintiffs argue that under Georgia law a taxpayer who does not contest the valuation of his property but who does contest the uniformity of assessment within the county has no remedy under Georgia law. This follows from the fact that unless a change is made in a taxpayer's return, no notice is sent to that taxpayer by the county board of tax assessors and, thus, no appeal is provided to the county board of equalization for him.

While the Court is impressed with the ingenuity of the argument, it is insufficient to overcome the proscriptions of the tax injunction act. First, Georgia law has invested in the county board of equalization a broad power. Ga.Code Ann. § 92–6912(4)(B) provides:

If, in the course of determining an appeal, whether or not the appellant has

raised such issue, the county board of equalization finds reason to believe that the property involved in the appeal or the class of property in which is included the property involved in the appeal is not uniformly assessed with other property included in the digest, the county board of equalization shall request the respective parties to the appeal to present relevant information with respect to that question. If the board determines that uniformity is not present, the board shall have the power to order the county board of tax assessors to take such action as is necessary to obtain uniformity.

Thus, it is clear that the county board of equalization may fashion a remedy in light of evidence that there is a lack of uniformity within the county. It is also clear that the issue of nonuniformity within the county need not be raised by an *appellant* before the county board of equalization. The board need only find "reason to believe" that property is not uniformly assessed. Therefore, a taxpayer who in good faith returned his property at its fair market value and did not have his return changed would seem to be entitled to present evidence to the county board of equalization that there is a lack of uniformity within the county. *See Chilivis v. Kell, supra; Butts County v. Briscoe, supra.*

In addition, the Georgia courts have consistently held that insofar as taxpayers *do not have* an adequate and complete remedy at law, relief can be had by way of a petition in equity. *See Hutchins v. Howard*, 211 Ga. 830, 831, 89 S.E.2d 183 (1955); *Colvard v. Ridley*, 218 Ga. 490, 491, 128 S.E.2d 732 (1962); *Register v. Langdale*, 226 Ga. 82, 172 S.E.2d 620 (1970); *Hillis v. Parrish*, 228 Ga. 161, 184 S.E.2d 464 (1971). The federal courts have long recognized that a remedy by injunction in a state court is a plain, speedy, and efficient remedy. *Kiker v. Hefner, supra; Norton v. Cass County*, 115 F.2d 884 (5th Cir., 1940).

The Court has carefully considered the other arguments presented by the plaintiffs and finds them to lack merit. Therefore, on the basis of the foregoing the defendants' motions to dismiss are hereby granted.