Charles MOSS, et al.,
Plaintiffs-Appellants,

v.

STATE OF GEORGIA, et al.,
Defendants-Appellees.

No. 81–7235
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 11, 1981.

Marson G. Dunaway, Jr., Rockmart, Ga., for plaintiffs-appellants.

Beck, Goddard, Owen & Murray, Samuel A. Murray, Griffin, Ga., Neely, Player, Hamilton, Hines & Welch, John W. Winborne, III, Atlanta, Ga., for Spalding County.

John Bumgartner, Asst. Atty. Gen., State of Ga., Don A. Langham, 1st Asst. Atty. Gen., H. Perry Michael, Sr. Asst. Atty. Gen., Atlanta, Ga., for the State of Ga.

Before RONEY, KRAVITCH and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Plaintiff taxpayers residing in Spalding County, Georgia, filed this 42 U.S.C.A. § 1983 action against the State of Georgia, Spalding County, and the individuals comprising the Board of Tax Assessors and the Board of Commissioners of that county. Plaintiffs allege that over the past twenty years they have been forced to pay "excessive and unequal" ad valorem taxes as a result of the erroneous assessment of their real and personal property, in violation of their constitutional rights. They claimed compensatory and punitive damages. The district court dismissed the suit on the ground it is barred by the Tax Injunction Act, 28 U.S.C.A. § 1341. We affirm.

The Tax Injunction Act provides that district courts shall not "enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy" is provided by the State. 28 U.S.C.A. § 1341. Although the Act does not specifically refer to tax refund suits, this Court has previously held that given the underlying policies of the Act, "it is the duty of federal courts, in actions for the refund of state taxes, to defer to state administrative and judicial remedies where the state remedy is 'plain, speedy and efficient.'" *Bland v. McHann*, 463 F.2d 21, 27 (5th Cir. 1972). *See also United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323 (5th Cir. 1979).

■ As the district court held, plaintiffs' suit is in essence an action for the refund of taxes, since they seek damages "in the same amount as the excessive and exorbitant taxes paid by them as a result of defendants' actions and failures to act," together with exemplary damages, interest, and attorney's fees. Complaint ¶¶ XVII, XVIII. As such, the action is barred by § 1341.

■ The fact the action was brought under 42 U.S.C.A. § 1983 does not preclude the application of the Tax Injunction Act. *See Bland v. McHann, supra*, 463 F.2d at 24–25. Even if we accept plaintiffs' argument that this is a damage suit, not a refund suit, the reasoning of our prior cases would require the same result as that reached in the clearly labeled "refund suits." In *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980), we held that § 1341 bars a § 1983 suit seeking damages on the basis of an unconstitutional tax, because the suit "would have many of the same detrimental effects that actions for tax refund, declaratory, or injunctive relief would have."

■ The remaining issue is whether Georgia provides a "plain, speedy and efficient remedy" by which plaintiffs could assert their challenges to the assessment of the ad valorem tax. Binding decisions of this Court have so held. *See Adams v. Smith*, 415 F.Supp. 787 (N.D.Ga.1976), *affirmed on the basis of the district court opinion*, 568 F.2d 1232 (5th Cir. 1978). *See also Kiker v. Hefner*, 409 F.2d 1067 (5th Cir. 1969).

Plaintiffs have filed with this Court a motion to amend their complaint. Plaintiffs, however, fail to cite to any provision giving this Court the authority to permit

such an amendment. In any event, the amendments, which only further allege this action is not barred by the Tax Injunction Act and that Georgia has failed to provide a plain, speedy and efficient remedy, would not affect the decision here, required by prior holdings of this Court. The motion to amend is therefore denied.

AFFIRMED.