## 63136, 63137. BOARD OF TAX ASSESSORS OF WAYNE COUNTY v. CLARY; and vice versa.

SOGNIER, Judge.

Sam Clary appealed a decision of the Board of Tax Equalizers of Wayne County regarding the ad valorem taxes on his property to the Superior Court pursuant to Code Ann. § 91A-1449 (f) (2) (3). Clary challenged the individual assessment of his property and the uniformity of the 1979 Wayne County Tax Digest. After a jury trial, the trial court ordered the adjustment of the fair market value and legal assessment of three tracts of Clary's property. In addition, the trial court ordered the Board of Tax Assessors to recompile the 1979 ad valorem tax digest of Wayne County to conform to Georgia law. The Board of Tax Assessors of Wayne County appeals.

1. Appellee's motion to dismiss the appeal on the ground that appellant's attorney had no authority to file the instant appeal is denied. Under the provisions of Code Ann. § 9-604 we presume, prima facie, that all attorneys at law are authorized to properly represent any cause in which they appear. *Hodges v. Youmans,* 129 Ga. App. 481, 484 (200 SE2d 157) (1973).

2. Clary filed a cross-appeal of the trial court's order dismissing his motion to dismiss the instant appeal. The trial court properly dismissed Clary's motion. The filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed. *Brown v. Wilson Chevrolet-Olds,* 150 Ga. App. 525, 531 (258 SE2d 139) (1979). A superior court may dismiss an appeal only under very limited circumstances which do not apply to this case. *Young v. Climatrol &c. Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976); *Price v. Ortiz,* 152 Ga. App. 651, 653 (263 SE2d 527) (1979).

3. Appellant contends that the trial court erred in permitting appellee taxpayer to introduce evidence of the State Revenue Commissioner's appraisals of railroad and utility property on the issue of uniformity. Appellant contends that such evidence was an impermissible attack upon the authority of the State Revenue Commissioner to evaluate railroad and utility property for tax purposes.

Mr. Tom Sangster, the Director of the Property Tax Division of the State Revenue Department, was called to testify regarding the assessment of railroad and utility property in Wayne County. The trial court admitted this evidence, over objection, for the purpose of showing a lack of uniformity of the assessments of property owners in Wayne County. Included in the documentary evidence introduced in conjunction with Mr. Sangster's testimony was the digest of public utilities and railroad property for Wayne County. Mr. Sangster

explained, inter alia, how the fair market value for the utilities and railroads was determined on a statewide basis; he also testifed as to the fair market value of such property in 1978 and 1979 in Wayne County. In addition, Mr. Sangster testified as to real estate values in *other* counties as compared to Wayne County.

The trial court charged the jury that the taxpayer, Clary, contended "his property has been assessed as well as valued by the Wayne County Board of Tax Assessors at a higher percent of fair market value than the property of the railroads and property of public utility companies in Wayne County." The charge also included statements of law regarding the State Revenue Commissioner's duty regarding valuation and assessment of railroad and utility property. In returning their verdict, the jury was asked to answer the following question: "Do you find that substantially all of the property in the 1979 ad valorem tax digest for Wayne County to have been appraised at 100 percent of fair market value and uniformly and equally assessed at 40 percent of fair market value by the Wayne County Board of Assessors and the State Revenue Commissioner?" The jury answered "No" to this question.

We think the testimony regarding the fair market value of railroad and utility property and the charge of the court represent an improper inquiry into the duties of the State Revenue Commissioner. Such evidence and charge must be considered confusing and prejudicial to the jury whose duty it was to evaluate only the uniformity of appraisals and assessment *within Wayne County.* The verdict itself clearly indicates that the jury passed upon the uniformity of assessments made by the State Revenue Commissioner, as well as the assessments of the Wayne County Board of Assessors.

The Constitution of Georgia provides that: "... All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax ..." Ga. Const., Art. VII, Sec. I, Par. III, Code Ann. § 2-4603. This constitutional provision establishes as a single *class* of property all real property and all tangible personal property (except motor vehicles and mobile homes) for ad valorem property tax purposes. *Griggs v. Greene,* 230 Ga. 257, 264 (197 SE2d 116) (1973). The State Revenue Commissioner has a duty to examine the county tax digest and ascertain whether the valuation of the various classes of property is uniform between counties and between classes within the county. Code Ann. § 91A-1413 (a). The State Revenue Commissioner has authority to adjust and equalize the tax digest based upon his reasonable determination as to what is just and right between the counties and within a county. Code Ann. § 91A-1413 (b). The return of railroad and

utility property for purposes of valuation and assessment is required to be made to the State Revenue Commissioner. *Ogletree v. Woodward,* 150 Ga. 691, 694 (105 SE 243) (1920).

Individual taxpayers have no right to challenge the factual decisions of the State Revenue Commissioner in equalizing the digests of various counties, *Chilivis v. Kell,* 236 Ga. 226, 229 (223 SE2d 117) (1976); nor can an individual taxpayer challenge the Revenue Commissioner's decisions regarding the assessment of the property of railroads and utilities. *Butts County v. Briscoe,* 236 Ga. 233, 236 (223 SE2d 199) (1976). Only a county may seek review of the Revenue Commissioner's decisions and the only judicial review authorized is: " 'Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously with regard to an individual's constitutional rights.' " *Strickland v. Douglas County,* 246 Ga. 640, 642 (272 SE2d 340) (1980).

An individual taxpayer may bring a petition for mandamus against the State Revenue Commissioner to compel the Commissioner to assess property according to law, *McLennan v. Undercofler,* 222 Ga. 302 (149 SE2d 705) (1966); an individual taxpayer may also seek injunctive relief against the commissioner if he *goes beyond* his powers. *Griggs v. Greene,* supra. An individual taxpayer may bring an action against the county challenging the uniformity of assessments within the county and the *county's* assessment of his property. Code Ann. § 91A-1449. However, an individual taxpayer may not challenge the State Revenue Commissioner's decisions regarding equalization adjustments between counties nor regarding valuation and assessment of railroad and utility property. *Chilivis v. Kell,* supra; *Butts County v. Briscoe,* supra.

The taxpayer in the instant case properly brought his appeal from the Wayne County Board of Tax Equalizers. However, while the taxpayer can challenge the uniformity of the county's assessment of property within the county, he cannot question the State Revenue Commissioner's assessment of railroad and utility property. To allow such improper inquiry in a case such as this would be to permit this taxpayer to do indirectly what he may not do directly, i.e., challenge the commissioner's decisions with regard to railroad and utility property. We think admission of such evidence was error and that the jury's verdict in this regard should be reversed.

4. Appellant contends that the trial court erred in permitting evidence as to the appraised value of property in Tattnall County which was offered to show non-uniformity between counties. The appraisal and assessment of property in any county other than

Wayne County is irrelevant to an appraisal and assessment of property in Wayne County. Admission of such evidence is an indirect challenge to the uniformity of intercounty assessments and is not properly raised in a case brought by an individual taxpayer in his challenge against the county Board of Tax Equalizers. *Chilivis v. Kell,* supra at p. 229. Admission of evidence regarding the appraisal and assessment of Tattnall County property was error.

5. Appellant's remaining enumerations of error are without merit.

*Judgment reversed in Case No. 63136. Judgment affirmed in Case No. 63137. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1982 —
REHEARING DENIED MARCH 29, 1982 — 

*Alvin Leaphart, Walden G. Housman, Jr.,* for appellant.
*Marson G. Dunaway, Jr., Richard D. Phillips,* for appellee.
*H. Perry Michael, Senior Assistant Attorney General, James C. Pratt, Assistant Attorney General,* amicus curiae.