John T. NOBLE, Jr., Chairman Fulton County Tax Relief Committee, et al., Plaintiffs-Appellants,

v.

JOINT CITY–COUNTY BOARD OF TAX ASSESSORS OF FULTON COUNTY; Otis Thorpe, et al., Defendants-Appellees.

No. 81–7206.

United States Court of Appeals, Eleventh Circuit.

April 5, 1982.

---

Albert T. Ehlers, pro se.

Webb, Young, Daniel & Murphy, P. C., Thomas L. Murphy, Susan E. Barker, Susan B. Forsling, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, RONEY and WOOD *, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiffs, owners of several classes of property subject to ad valorem taxation in Fulton County, Georgia (Atlanta), sued under 42 U.S.C. § 1983 to challenge the methods of valuation and assessment of property employed in Fulton County by the Joint City-County Board of Tax Assessors. Plaintiffs contend that nonuniform assessments have violated their right to equal

protection of the laws and have caused them to pay more than their proportionate share of taxes. They seek a declaratory judgment that the methods of valuation and assessment are unconstitutional and seek compensatory and punitive damages. The district court dismissed the complaint for lack of jurisdiction because it found that the arbitration process available to Fulton County taxpayers to challenge tax assessments provides a "plain, speedy and efficient remedy," depriving the court of jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341.[1] We affirm, although on different grounds.

It is settled that a suit such as this is relegated exclusively to the state courts by the Tax Injunction Act or by principles of federal comity if the state remedy available to the plaintiffs is plain, speedy and efficient. *Fair Assessment in Real Estate Association, Inc. v. McNary,* —— U.S. ——, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (comity); *A Bonding Co. v. Sunnuck,* 629 F.2d 1127 (5th Cir. 1980) (act); *Bland v. McHann,* 463 F.2d 21 (5th Cir. 1972), *cert. denied,* 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973) (act).

Plaintiffs contend that the arbitration process cited by the district court and discussed below, while adequate to challenge the accuracy of the valuation of their individual properties, is not adequate to challenge the accuracy of the valuation of others' properties. To summarize plaintiffs' contention, all taxable property is required by Georgia law to be valued at its fair market value and then taxed at a rate sufficient to meet the taxing authority's budget. The Board of Tax Assessors in Fulton County allegedly uses methods of valuation that nonuniformly *under*value others' properties. Therefore, plaintiffs are forced to pay taxes greater than their proportionate share even though their property is not overvalued. It is this undervaluation

---

* Honorable Harlington Wood, Jr., U. S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Section 1341 reads:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

of others' property that plaintiffs contend may not be raised in the arbitration process.

In Georgia there are two administrative systems in which taxpayers can initiate challenges to the valuation of property for purposes of ad valorem taxation. The system generally applicable, codified at G.C.A. § 91A–1449, provides for County Boards of Equalization to hear and determine appeals from assessments. The Boards of Equalization have broad oversight and remedial powers to correct nonuniform assessments:

G.C.A. § 91A–1449(d)(2):

If, in the course of determining an appeal, the county board of equalization finds reason to believe that the property involved in an appeal or the class of property in which is included the property involved in an appeal is not uniformly assessed with other property included in the digest, the [board] shall request the respective parties to the appeal to present relevant information with respect to that question. If the board determines that uniformity is not present, *the board may order the county board of tax assessors to take such action as is necessary to obtain uniformity* except that, when a question of countywide uniformity is considered by the board, *the board may order a partial or total countywide revaluation* only upon a determination of a majority of . . . the board that the clear and convincing weight of the evidence requires such action. The board of equalization may act pursuant to this paragraph whether or not the appellant has raised the issue of uniformity. (Emphasis added.)

The former Fifth Circuit has held that this procedure provides a plain, speedy and efficient remedy to challenge the uniformity of assessments within a county, even in cases

like this where the taxpayer does not contend that his property has been incorrectly valued. *Adams v. Smith,* 568 F.2d 1232 (5th Cir. 1978) (affirming district court on the basis of its opinion reported at 415 F.Supp. 787, 791–92 (N.D.Ga.1976)). *Cf. Moss v. State of Georgia,* 655 F.2d 668, 669 (5th Cir. 1981) (plain, speedy, and efficient remedy in refund-for-excess-collection case).

 Fulton County, the situs of this suit, is not covered by this system, however, but by an arbitration system established by special legislation. 1974 Ga.Laws 3607.[2] *See Boynton v. Lenox Square Inc.,* 232 Ga. 456, 207 S.E.2d 446 (1974). This law retains the arbitration system used in Georgia prior to the 1972 enactment of the County Board of Equalization provisions discussed above. Under this system, a taxpayer dissatisfied with an assessment on his property may demand arbitration of the valuation of this property. *See* G.C.A. § 92–6912 (1961) (repealed) and note 2 *supra.* Arbitrators do not possess the broad remedial and oversight powers concerning countywide uniformity given to Boards of Equalization. Instead, arbitrators are restricted to the factual issue of the correctness of the valuation of property and may not address legal issues. As the Georgia Supreme Court has explained:

the[se] limitations of power on the board of arbitrators . . . exclude the power . . . to pass on the power of tax assessors . . . to put in vogue or practice a custom to tax property at less than its true value.

*Montgomery v. Suttles,* 191 Ga. 781, 782, 13 S.E.2d 781, 782–83 (Ga.1941). Accordingly, the Georgia Supreme Court has squarely held that where the issue "is not as to the correct valuations of the property in ques-

---

2. This uncodified act reads in part:

If any taxpayer is dissatisfied with the action of the Joint Board of Tax Assessors, he may · . . . give notice in writing to the Board that he demands an arbitration. [The arbitrators] shall, after affording . . . a hearing, fix the valuation of the property on which said taxpayer shall pay taxes, and said decision shall be final unless appealed . . . .

The taxpayer or the Board of Tax Assessors may appeal the arbitrators' decision to the

Superior Court of the county in which the property is located any time the difference between the valuation of the Board . . . and the valuation of the arbitrators exceeds the sum of $1000.00. . . . The appeal shall constitute a de novo action. . . .

The foregoing provision shall govern the Joint City-County Board of Tax Assessors in lieu of the provisions of Sec. [91A–1449] . . . because of the complexity of dealing with assessments in such cities and counties.

tion, but whether or not the tax assessors ... put into effect a plan or scheme to ... deprive [taxpayers] of their legal right of equal protection as guaranteed by the ... Federal Constitution, ... there is no merit in the ... contention that the plaintiffs ... have an adequate and complete remedy by arbitration." *Hutchins v. Howard*, 211 Ga. 830, 831, 89 S.E.2d 183, 187 (1955).

■ We hold, then, that the remedy available through the administrative system applicable here does not deprive the district court of jurisdiction under 28 U.S.C. § 1341 or principles of comity. This does not end our inquiry, though, because Georgia provides a remedy for the instant type of uniformity challenge by way of a suit in equity. For the very reason that the arbitration system is an inadequate legal remedy, a suit in equity is available. This is the holding of the courts in *Hutchins*, 89 S.E.2d at 187, and *Montgomery*, 13 S.E.2d at 782, *supra*. "The Georgia courts have consistently held that insofar as taxpayers do not have an adequate and complete remedy at law, relief can be had by way of a petition in equity." *Adams v. Smith*, 415 F.Supp. 787, 792 (N.D.Ga.1976), *affirmed on the basis of the district court opinion*, 568 F.2d 1232 (5th Cir. 1978). The relief available in such an equity suit has been held sufficient to meet the plain, speedy and efficient requirements of the Tax Injunction Act, *id.*; *Kiker v. Hefner*, 409 F.2d 1067, 1070 (5th Cir. 1969), and we are bound by these precedents, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). There is no contention in this case that this remedy proves insufficient in practice, and "absent any indication to the contrary, we must assume that [Georgia's] equitable remedies are sufficient to protect ... federal rights." *A Bonding Co. v. Sunnuck*, 629 F.2d 1127 (5th Cir. 1980).

The judgment of the district court is AFFIRMED.