Eual AYERS, et al.,
Plaintiffs-Appellants,

v.

POLK COUNTY, GEORGIA, et al.,
Defendants-Appellees.

No. 82–8339
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 18, 1983.

---

Marson G. Dunaway, Jr., Rockmart, Ga., for plaintiffs-appellants.

Wayne W. Gammon, Cedartown, Ga., for Polk County, Ga.

William E. Davidson, Jr., Claudia I. Bradley, Rome, Ga., for Gammon.

J.M. Hudgins, IV, Atlanta, Ga., for Swafford.

Before GODBOLD, Chief Judge, and FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiff landowners brought this 42 U.S.C. Sec. 1983 action for damages in federal court challenging the levy and tax sale of their properties by Polk County, Georgia, and related activities of the county sheriff and county attorney as violative of the due process and equal protection clauses of the Fourteenth Amendment. The district court dismissed the action relying on the comity principle of *Fair Assessment in Real Estate v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). We affirm.

In *McNary* two taxpayers and a taxpayer's non-profit corporation sued in federal court under Sec. 1983 alleging that the county and various county and state officials had deprived them of equal protection and due process of law by unequal taxation of real property. Plaintiffs sought actual and punitive damages. The Supreme Court held that the taxpayers were barred by the principle of comity from bringing the Sec. 1983 action for damages in federal court where "plain, adequate, and complete" state remedies were available. 454 U.S. at 116, 102 S.Ct. at 186, 70 L.Ed.2d at 283.

We agree with the district court that *McNary* controls this case. We see no merit in plaintiffs' contention that because the challenged activity here concerns tax *collection* practices rather than *McNary*'s tax *assessment* practices the comity principle should not apply. The overriding concern of *McNary* is respect for state revenue collection systems and that "the very maintenance of the [federal court] suit would intrude on the enforcement of the state [tax] scheme." 454 U.S. at 114, 102 S.Ct. at 185, 70 L.Ed.2d at 282.

The next issue is whether Georgia provides a "plain, adequate, and complete" state remedy by which plaintiffs could assert their challenges to the tax collection practices. A number of decisions of this court and the former Fifth Circuit have found Georgia's remedies for contesting tax assessment and collection practices sufficient to protect taxpayers' federal rights.[1] Plaintiffs maintain however that state remedies are inadequate here because, absent consent, damages are not recoverable under Georgia law from a county. Plaintiffs may seek damages against the county officials.

---

1. *See e.g., Noble v. Joint City-County Board of Tax Assessors of Fulton County,* 672 F.2d 872 (11th Cir.1982); *Moss v. Georgia,* 655 F.2d 668 (5th Cir.1981); *Adams v. Smith,* 415 F.Supp. 787 (N.D.Ga.1976), *affirmed on the basis of the district court opinion,* 568 F.2d 1232 (5th Cir. 1978); *Kiker v. Hefner,* 409 F.2d 1067 (5th Cir.1969).

See *Ayers v. Mobley,* 248 Ga. 869, 287 S.E.2d 4, 5 (1982) (per curiam). And plaintiffs do not contend that equitable relief against the county is unavailable in a proper case. Also, the district court found that plaintiffs have an adequate remedy under Georgia law, and this finding by a Georgia federal judge merits significant weight. See *Bland v. McHann,* 463 F.2d 21, 29 (5th Cir.1972). As the former Fifth Circuit observed in *Bland,* when considering the analogous requirement[2] of a "plain, speedy, and efficient" state remedy in the Tax Injunction Act, 28 U.S.C. Sec. 1341 it is not required "that the state remedy be the best remedy available or even equal to or better than the remedy which might be available in the federal court." *Id.* at 29. In view of the district court's finding, the precedents binding on this court, and our own review of the available state remedy, we conclude that the Georgia remedy is plain, adequate, and complete.

Since we find this suit barred by *McNary,* we need not reach other issues raised by plaintiffs.

AFFIRMED.

**2.** In *McNary, supra,* the Court said:
We discern no significant difference for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy, and efficient," within the meaning of the Tax Injunction Act.
454 U.S. at 116, 102 S.Ct. at 186, 70 L.Ed.2d at 283 n. 8.