Jason **RICHARDS**, et al., **Plaintiffs,**

v.

**JEFFERSON COUNTY,**
et al., **Defendants.**

Civ. A. No. 91–AN–1953–S.

United States District Court,
N.D. Alabama, S.D.

April 15, 1992.

---

William J. Baxley, Joel E. Dillard, Baxley Dillard & Dauphin, Birmingham, Ala., for plaintiffs.

Edwin A. Strickland, Bessemer, Ala., Charles S. Wagner, Jeffrey Monroe Sewell, Birmingham, Ala., for defendants.

Thomas L. Stewart, Kenneth Mark Parnell, Gorham, Waldrep, Stewart, Kendrick, Bryant, Battle & Alfano, Birmingham, Ala., for intervenor-defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is now before the court on the motion to dismiss, filed by defendant, Jefferson County, on September 11, 1991. The motion is made under Rule 12(b)(1), Fed.R.Civ.P., alleging that this court lacks subject matter jurisdiction.

In this case the court is faced with the issue of whether the Tax Injunction Act, 28 U.S.C. § 1341, bars a federal court from hearing taxpayers' claims that the Jefferson County Occupational Privilege Tax ("occupational tax") violates the Equal Protection and Due Process Clauses of the United States Constitution, and the Buck Act (4 U.S.C. § 111). For the reasons which follow, this court finds that the Tax Injunction Act does bar the taxpayers' federal constitutional and statutory claims, and therefore, the court grants the defendant's motion to dismiss.

### I. FACTS

Pursuant to Act No. 406, enacted at the 1967 regular session of the Alabama Legislature, Jefferson County passed ordinance No. 1120. This ordinance requires many individuals who work in Jefferson County to pay an occupational tax, described as a "license or privilege tax on natural persons engaged in any vocation, occupation, calling or profession who are not required by law to pay any license or privilege tax to the state or county." All of the named

plaintiffs in this case work in Jefferson County, two in the private sector and two for the federal government. All the named plaintiffs are subject to the tax. The plaintiffs filed this suit as a class action seeking declaratory and injunctive relief and recovery of occupational tax moneys already paid. Plaintiffs contend that the ordinance violates 4 U.S.C. § 111, which prohibits discrimination in the taxation of pay or compensation of federal employees, and both the Equal Protection Clause and the Due Process Clause of the U.S. Constitution.

## II. ANALYSIS

 A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hinshon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). When assessing the propriety of a motion for dismissal on jurisdictional grounds under Fed.R.Civ.P. 12(b)(1), a district court is not limited to an inquiry into undisputed facts based upon the allegations of the complaint; it may hear conflicting evidence and decide for itself the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991) (while the district court has wide discretion to determine the scope of such discovery, a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction).

The court held a hearing on the motion on January 28, 1992, and gave all parties additional time to submit affidavits and documents in support of and in opposition to the motion. The court has considered all submissions, as well as briefs and oral argument of counsel.

 The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State Law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. The limitation imposed by the act is jurisdictional; it embodies the general principle that the jurisdiction of the federal courts to "interfere with so important a local concern as the collection of taxes" must be drastically limited. *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1234, 67 L.Ed.2d 464 (1981). Therefore, absent a showing that the state court system does not provide a sufficient remedy for the federal constitutional and statutory claims, a federal district court lacks jurisdiction to entertain a challenge to a state's scheme of taxation. *See California v. Grace Brethren Church,* 457 U.S. 393, 407–11, 102 S.Ct. 2498, 2507–09, 73 L.Ed.2d 93 (1982) (applying Act to injunctive relief); *Rosewell,* 450 U.S. at 512, 101 S.Ct. at 1228–29 (applying Act to injunctive relief); *Moss v. Georgia,* 655 F.2d 668, 669 (5th Cir. Unit B 1981) (applying Act to action for refund and damages).

In assessing the adequacy of state court remedies, the Supreme Court has instructed that the "plain, speedy, and efficient" exception to the Tax Injunction Act must be construed narrowly. *California v. Grace Brethren Church,* 457 U.S. 393, 413, 102 S.Ct. 2498, 2510, 73 L.Ed.2d 93 (1982). State remedies must only meet "certain 'minimal procedural criteria' and a reviewing court should eschew any analysis of their substantive sufficiency so long as a complainant has some opportunity to raise her constitutional objections." *Colonial,* 921 F.2d at 1245 (Quoting *Rosewell,* 450 U.S. at 512–15, 101 S.Ct. at 1228–30). In *Rosewell,* the Supreme Court defined these minimal procedural requirements as a full hearing and judicial determination at which any and all constitutional objections may be raised with an appeal to a higher court authorized and ultimately to the U.S. Supreme Court. *Rosewell,* 450 U.S. at 514, 101 S.Ct. at 1229–30.

 The plaintiffs argue that Alabama does not provide a "plain, speedy and efficient remedy," citing *Williams v. City of Dothan, Ala.,* 745 F.2d 1406 (11th Cir.1984) (*Williams I*). In *Williams I* the plaintiffs

challenged an assessment for municipal improvements. Ala.Code § 11–48–36 (1977) states that any person aggrieved by the decision in making an assessment may appeal to the circuit court. A companion provision, Ala.Code § 11–48–41 (1977), however, places strict limitations on the scope of the circuit court's scrutiny and the Court of Appeals found this limitation fatal to section 1341's requirement of a "full hearing." *Id.* at 1412.

The plaintiffs in this case also claim they cannot receive a "full hearing" in the state courts. As an example, the plaintiffs cite to the state court case, *Bedingfield v. Jefferson County*, 527 So.2d 1270 (Ala.1988), in which similarly situated taxpayers filed a complaint claiming that the same occupational tax under consideration here was unconstitutional. This attack on the tax was made pursuant to the Alabama Declaratory Judgment Act, Ala.Code §§ 6–6–220 *et seq.* (1975). In that case the plaintiffs in their complaint alleged that the tax was violative of both federal and state constitutional law. The circuit court found that the tax did not violate state law and the Alabama Supreme Court affirmed.

The plaintiffs in this case contend that because the state court refused to hear the federal claims in the previous case, they have demonstrated that the state does not provide an "efficient" remedy to raise federal constitutional arguments in tax disputes. Therefore, they argue, the Tax Injunction Act should not apply. Plaintiffs' argument is unpersuasive. The plaintiffs in *Bedingfield* filed their complaint in the State Circuit Court for Jefferson County and then took an appeal to the Alabama Supreme Court. *Bedingfield*, 527 So.2d at 1270. They also had the opportunity, of which they did not take advantage, to apply for certiorari to the United States Supreme Court.[1] Therefore, the State's remedies have met the "minimal procedural criteria" as described in *Rosewell*, and thus, this court should "eschew any analysis of their substantive sufficiency so long as a complainant has some opportunity to raise her

constitutional objections." *Colonial*, 921 F.2d at 1245.

Further, unlike the plaintiffs in *Williams I*, the plaintiffs in *Bedingfield* had the opportunity to raise their federal constitutional objection in the state proceedings. It is well settled that Alabama state courts can hear declaratory actions raising federal constitutional claims against state and local taxes. *See Hunt v. Chemical Waste Management*, 584 So.2d 1367 (Ala.1991) (Commerce Clause); *Barbour County Com'n v. Sheriff's Dept.*, 566 So.2d 493, 497 (Ala.1990) (Due Process and Equal Protection); *Town of Eclectic v. Mays*, 547 So.2d 96 (Ala.1989) (Equal Protection). Whether the court specifically ruled on these claims in *Bedingfield* is irrelevant. What is important is that those plaintiffs had the procedural right to raise federal constitutional claims.

■ This court has no way of knowing what happened to the federal claims during the state proceedings. Perhaps the state courts did not discuss them in their opinions because it was felt that the claims were inconsequential, or because the claims were abandoned by the plaintiff, or perhaps the court did refused to rule on them. Even if the state courts had refused to rule on federal constitutional claims, the remedy is not a separate federal proceeding; rather, the remedy was to raise such a refusal in an application for certiorari to the United States Supreme Court.

■ Finally, plaintiffs argue that dismissal is an improper method of disposing of their claim. They aver that *Colonial* holds that a taxpayer's bare allegation of inadequate state remedies is sufficient to withstand a motion to dismiss. Plaintiffs misread *Colonial*. The Court in *Colonial* stated that "a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction" before a case is dismissed. 921 F.2d at 1243. The plaintiffs were given this opportunity. The court held a hearing, the issue of jurisdiction was thoroughly discussed, and the plaintiffs were allowed to furnish to the

---

1. At oral argument the plaintiff's counsel admitted that the plaintiffs in *Bedingfield* did not

attempt to take their case to the United States Supreme Court.

court any evidence they wished. The information presented demonstrated that this court lacked jurisdiction.

## III. CONCLUSION

In passing the Tax Injunction Act Congress expressed its clear intent that all questions regarding state taxes should be litigated in state courts, not federal courts, so long as the state's laws provide an orderly method of litigating such questions there. This is in keeping with the principles of federalism which are basic to our country's form of government. Alabama law does provide such a method through the Alabama Declaratory Judgment Act. Since it does, federal courts may not be used by the plaintiffs as an alternative to state procedure. The Tax Injunction Act bars the plaintiffs' claims. Therefore, it is

ORDERED that defendant's motion is GRANTED and plaintiffs' complaint is DISMISSED. Further, the motion to intervene, filed by the Birmingham–Jefferson Civic Center, on September 27, 1991, is DENIED as MOOT.